# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| Wells Fargo, N.A., as Trustee for Option | ) | CASE NO. 1:07 CV 2574 |
| One Mortgage Loan Trust 2002-6 | ) | |
| Asset-Backed Certificates, Series 2002-6, | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Mark Musarra, et al., | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendants. | ) | |

This matter is before the Court upon plaintiff's Motion for Summary Judgment against defendant Mark Musarra (Doc. 16).[1]  For the following reasons, the motion is UNOPPOSED and GRANTED.

**Facts**

Plaintiff, Wells Fargo, N.A., as Trustee for Option One Mortgage Loan Trust 2002-6 Asset-Backed Certificates, Series 2002-6, filed this Complaint for Foreclosure against

---

[1]    The document also seeks default judgment against defendant Wendy Musarra. She has, however, now filed an answer to the Complaint.

1

defendants, Mark Musarra and Wendy Musarra.  The following facts are not disputed.

Mark Musarra and Wendy Musarra executed a promissory note (the Note).  The Musarras also executed and delivered a mortgage (the Mortgage) to secure amounts due on the Note. Plaintiff is the holder and owner of the Note and Mortgage.  The Mortgage conveys to plaintiff property known as 345 Grand Blvd., Bedford, Ohio 44146, parcel no. 811-07-007 (the Property).  The Note is in default because payments required to be made under the terms of the Note and Mortgage have not been made. Written notice of default was given to the Musarras under the terms of the Note.  The default was not cured, and the Note was accelerated which required the immediate payment of all unpaid principal and interest on the Note. The deadline for the payment of the overdue amount passed without payment being made.

Because the Note has been accelerated and is in default, there is currently due and payable on the Note principal in the amount of $100,235.58, plus interest on the outstanding principal balance at the rate of 12.375% per annum from February 1, 2007, plus late charges and expenses incurred to enforce plaintiff's rights under the Note and Mortgage.

This matter is now before the Court upon plaintiff's Motion for Summary Judgment against defendant Mark Musarra.  The motion is unopposed.

**Standard of Review**

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine

2

issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)).  A fact is "material only if its resolution will affect the outcome of the lawsuit."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party.  Federal Rule of Civil Procedure 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of [his] pleadings, but [his response], by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is genuine issue for trial.  If he does not respond, summary judgment, if appropriate, shall be entered against him.

The court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party.  *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (citation omitted); *see also United States v. Hodges X-Ray, Inc.,* 759 F.2d 557, 562 (6th Cir. 1985).  However, the nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury."  *Cox*, 53 F.3d at 150.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).  Accordingly, "the mere existence

3

of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 52 (1986)).  Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment.  *Anderson*, 477 U.S. at 249-50 (citation omitted).

In the event that a party does not respond to a Motion for Summary Judgment, Federal Rule of Civil Procedure 56(e) provides that summary judgment shall be entered "if appropriate."

**Discussion**

Based on the unopposed evidence submitted to this Court and discussed herin, the Court finds that summary judgment is appropriate.  Under Ohio law, once a default in payment has been made under the terms of a note and the note has been accelerated, the mortgagee is entitled to judgment.  *See Gaul v. Olympia Fitness Center, Inc.*, 88 Ohio App.3d 310 (1993) (citations omitted)  As discussed above, the Note and Mortgage at issue are in default because payments required to be made thereunder have not been made. Because the Note has been accelerated and is in default, there is currently due and payable on the Note principal in the amount of $100,235.58, plus interest on the outstanding principal balance at the rate of 12.375% per annum from February 1, 2007, plus late charges and expenses incurred to enforce plaintiff's rights under the Note and Mortgage.

**Conclusion**

For the foregoing reasons, plaintiff's Motion for Summary Judgment against defendant Mark Musarra is granted.

4

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge


Dated: 12/4/07